```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

TECHNOLOGY LICENSING          )
CORPORATION,                  )
                              )
            Plaintiff,        )
                              )
    v.                        )    No.  11 C 8544
                              )
PELCO, INC.,                  )
                              )
            Defendant.        )
```

MEMORANDUM ORDER

This patent infringement action by Technology Licensing Corporation ("Technology") has just been reassigned to this Court's calendar as the result of the exercise by its colleague Honorable Marvin Aspen of his 28 U.S.C. §294(b)[1] prerogative as a senior judge. Although this Court's usual procedure with all newly-assigned cases is to issue an initial scheduling order, its threshold examination of the Original Complaint for Patent Infringement has identified a threshold problem that should be addressed.

Complaint ¶2 seeks to invoke both Sections 1391 and 1400(b) as the predicate for bringing suit against Pelco, Inc. ("Pelco") in this judicial district. But more than a half century ago Fourco Glass Co. v. Transmirra Corp., 353 U.S. 222, 224-29 (1957) reconfirmed the even-earlier-established principle that the limited provision in Section 1400(b) "is the sole and exclusive

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

provision controlling venue in patent infringement actions" (id. at 229), trumping the general venue provisions of Section 1391--a proposition again reconfirmed (en passant) in Brunette Mach. Works, Ltd. v. Kockum Indus., Inc., 406 U.S. 706, 711-13 (1972). Here then are the venue limitations imposed by Section 1400(b):

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

What is critical to the first Section 1400(b) alternative is that under that statute a defendant "resides" only in its state of incorporation (see, e.g., Dual Mfg. & Eng'g, Inc. v. Burris Indus., Inc., 531 F.2d 1382, 1385 (7th Cir. 1976), relying both on Fourco and on the even more hoary precedent of Shaw v. Quincy Mining Co., 145 U.S. 444 (1892)).  On that score Complaint ¶4 alleges that Pelco is a Delaware corporation, which eliminates that first alternative for bringing suit here.

As for Section 1400(b)'s second alternative, the Complaint says nothing at all about Pelco's commission of acts of infringement in this judicial district, and the Complaint ¶4 reference to "an address of 1415 South Roselle Road, Palatine, Illinois" falls short of identifying that location as "a regular and established place of business."  Both of those ingredients are essential to that alternative basis for venue in this district, and so Technology has not brought itself within the

statute's terms.

What has been said here is not of course jurisdictional (see Section 1406(b)), but it unquestionably demonstrates that Technology's counsel have chosen the wrong place to bring suit. To avoid a waste of time and resources, this Court sets a status hearing at 8:45 a.m. December 14, 2011 (or if that is too early to make the arrangements with Pelco described in the next sentence, then at 8:45 a.m. December 20) to discuss whether this action is to remain in this District Court.  Technology's counsel is ordered to take whatever steps may be necessary to alert Pelco to the need to have counsel representing it present (or available telephonically, pursuant to advance notice to this Court's minute clerk) at that status hearing, even though Pelco need not have filed any responsive pleading or motion by that date.

_____
Milton I. Shadur
Senior United States District Judge

Date:   December 7, 2011